# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DENNIS J. McDOWELL,

:

    Petitioner,                    Case No. 3:05-cv-260

:         District Judge Walter Herbert Rice
  -vs-                             Chief Magistrate Judge Michael R. Merz

MIAMI COUNTY JAIL,

:

    Respondent.

---

### REPORT AND RECOMMENDATIONS; ORDER TO THE CLERK

---

       This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases.

       Petitioner avers that he was sentenced to 180 days confinement by the Miami County Municipal Court upon his no contest plea to one count of domestic violence, a first degree misdemeanor under Ohio law. In his Petition he raises four claims about the conditions under which he is being confined in the Miami County Jail, all of which are related to his diabetic medical condition.

       The function of a federal court considering a habeas corpus petition is to decide if the judgment of conviction entered by a state court is infected with constitutional error. If constitutional error is found, the Court's authority is limited to vacating the judgment and ordering a new trial. The fact that a person is being confined in unconstitutional conditions after a valid conviction does not make that person eligible for release or a new trial. If the Petitioner wishes this Court to

consider whether his conditions of confinement are unconstitutional, he must filed an action under 42 U.S.C. §1983.  As a prisoner, he is liable to pay the full filing fee of $255, although he may pay it from funds as they become available to him.

Accordingly, it is respectfully recommended that the habeas corpus petition be dismissed without prejudice for failure to state a claim upon which habeas corpus relief can be granted.

The Clerk is ordered to send Petitioner the forms for filing a § 1983 civil rights action and the applicable application for leave to proceed *in forma pauperis*.

August 1, 2005.

                s/ **Michael R. Merz**
                Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).